## GOLDBERG & KAPLAN, LLP

ATTORNEYS AT LAW
11 PARK PLACE, SUITE 903
New York, New York 10007

Telephone (212) 269-2363   Facsimile (212) 269-2364

January 15, 2010

By ECF and Hand Delivery
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: United States v. Joel Rodriguez & Carlos Mejia
          S1 09 Cr. 259 (DLC)

Dear Judge Cote:

    This letter is submitted in connection with the Government's motion in limine seeking to offer at trial other crimes evidence pursuant to F.R. Evid. 404(b).  The Government seeks to introduce proof surrounding the arrest of Joel Rodriguez and Carlos Mejia in June 2008 under alternative theories: As direct evidence of the charged conspiracy or, pursuant to Rule F.R.E. 404(b), under a variety of theories.  The defendants object to this proffered evidence since it is irrelevant to the charges at trial and to the extent it may be probative, its probative value is outweighed by its prejudicial nature.  F.R. Evid. 403.

1. <u>The proffered evidence merely shows possible criminal propensity and should not be admitted at trial under Rule 404(b) of the Federal Rules of Evidence.</u>

    Under the circumstances of this case, the bad acts evidence the Government wants to introduce at trial is inherently prejudicial and should not be presented before the jury.  Federal Rule of Evidence 404(b) states in pertinent part:

> Evidence of other crimes, wrongs, or acts
> is not admissible to prove the character of
> a person in order to show action in conformity
> therewith.  It may, however, be admissible for

HON. DENISE L. COTE
January 15, 2010
page two

>    other purposes, such as proof of motive,
>    opportunity, intent, preparation, plan, knowledge
>    identity, or absence of mistake or accident.

Rule 404(b) must be read in conjunction with F.R. Evid. 403, which provides for the exclusion of relevant evidence if:

>    Its probative value is substantially outweighed
>    by the danger of unfair prejudice, confusion of
>    the issues, or misleading the jury, or by
>    considerations of undue delay, waste of time,
>    or needless presentation of cumulative evidence.

A Court may admit evidence of prior bad acts pursuant to Rule 404(b) if it meets three basic criteria: one, the prior act evidence was offered for a proper purpose; two, the evidence was relevant to a disputed issue; and three, the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice  Huddleston v. United States, 485 U.S. 681, 691-92; 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

Here, the proffered evidence satisfies none of the requirements of Huddleston. It contains highly prejudicial matter concerning bad acts and is only minimally probative.  It is recognized that this Circuit has taken an "inclusory approach" to the admission of prior act evidence.  See United States v. Ortiz, 857 F.2d 900 (2d Cir. 1988).   But it is never admissible to show a defendant's criminal propensities. United States v. Brennan, 798 F.2d 581 (2d Cir. 1986).

Even if the government offered evidence of Rodriguez and Mejia's arrests for a proper purpose, i.e., to prove knowledge and intent, prior act evidence should not be admitted as proof of a defendant's knowledge or intent unless the other evidence is "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge [or intent] inference advocated by the proponent of the evidence." United States v. Peterson, 808 F.2d 969, 974 (2d Cir. 1987). "Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged.   There is no necessity for synonymity but there must be *substantial* relevancy ...." United States v. Kasouris, 474 F.2d 689, 692 (5th Cir. 1973).(emphasis in original).  If the other-act evidence does not provide a reasonable basis for inferring knowledge or intent, its offer for that purpose should be rejected on grounds of relevancy.

HON. DENISE L. COTE
January 15, 2010
page three

The June 2008 case did not involve the use of a vehicle-transporting truck traveling from Florida and carrying another vehicle laden with a substantial quantity of cocaine. It involved the stop of a van registered to Rodriguez in which he was seated with two other occupants, by New York City police officers. A search of the vehicle revealed a single bag of cocaine, 50 "nickel" bags of marijuana, and $15,000 in currency was recovered. The substantial difference in quantities and the nature of the drugs belie any genuine similarity.

Moreover, the circumstances culminating in the search of the van belie the government's argument that it is proof of Rodriguez's "special capacity" or skill that would enable him to commit the crime charged. To the contrary, the conduct of Rodriguez in either smoking marijuana or allowing others to smoke marijuana in his van attests to poor judgment and the lack of skill required to avoid detection of criminal activity by law enforcement agents.

In addition, there has been no finding against Rodriguez or either of his co-defendants in that case. No drugs were found on Rodriguez's person. It is not outside the realm of possibility that Rodriguez may eventually be acquitted and one or both of the other occupants of the van convicted. The government has not alleged that either of the vehicle's other two occupants were members of the conspiracy charged in this case. While Carlos Mejia was taken into custody, he was never inside the van and all charges brought against him were dismissed and sealed on the motion of the assigned assistant district attorney at his first appearance in Criminal Court. Clearly, mere presence at the scene of a crime or mere association with a conspirator does not make an individual guilty of a crime.

The introduction of this evidence would only improperly implicate Rodriguez's character and propensity for criminal conduct. As the United States Supreme Court emphasized in Michelson v. United States, 335 U.S. 469 (1948) the difficulty with other crimes evidence is not that it lacks persuasive value. It is that it may "over persuade" a jury since such evidence tends "to weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." Michelson, at 475-76.

In United States v. Murray, 103 F.3d 310, 316 (3d Cir. 1997), the Court reversed a murder conviction on the basis of the improper use of other crimes evidence. It emphasized the need for trial

HON. DENISE L. COTE
January 15, 2010
page four

judges "to exercise particular care in admitting such evidence," noting two reasons for the exercise of caution: "First, the line between what is permitted and what is prohibited under Rule 404(b) is sometimes quite subtle. Second, Rule 404(b) evidence sometimes carries a substantial danger of unfair prejudice and thus raises serious questions under Fed. R. Evid. 403." *Id.*

The Court in Murray advised trial judges to require a party offering Rule 404(b) evidence "to place on the record a clear explanation of the chain of inferences leading from the evidence in question to a fact 'that is of consequence to the determination of

the action.'" *Id.* Because of the critical dissimilarities between the circumstances of the June 2008 episode and those of this case, no legitimate argument can be made that the former explains the "background" of the charged conspiracy or the "criminal trust" existing between the defendants.


2. The uncharged criminal activity is not admissible as direct evidence.


"It is well established that evidence of uncharged criminal activity is not considered other crimes evidence under Fed.R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the uncharged offense, or if it is necessary to complete the story of the crime on trial." United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997). Evidence that meets the criteria set forth in Gonzalez is considered direct evidence of the charged offenses, meaning a court is "not required to instruct the jury against making an improper inference of criminal propensity." United States v. Brand, 2005 WL77055 (S.D.N.Y. January 12, 2005).

There is absolutely nothing to suggest that the activity surrounding the June 2008 arrests was in any way connected to the activity surrounding the BMW transported from Florida. The former appears to be an isolated incident during which individuals' poor judgment in smoking marijuana in a van, resulted in their arrests by New York City police officers. This is dramatically different from the sophisticated trafficking operation alleged in this case.

```
HON. DENISE L. COTE
January 15, 2010
page five
```

## Conclusion

Under the circumstances, the proffered evidence is inherently prejudicial, lacks any genuine probative value, and in light of the directive of Fed. R. Evid. 403, it should not be admitted at trial.

```
                         Respectfully submitted,


                         BARRY GOLDBERG
                         Attorney for Joel Rodriguez

                         STEPHEN M. GOLDENBERG
                         Attorney for Carlos Mejia


BG:bk
```