UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA
                                 :    S1 09 Cr. 259 (DLC)
        - v. -
                                 :
CARLOS MEJIA,
JOEL RODRIGUEZ, and          :
JONATHAN MEJIA,
  a/k/a "Moises,"          :

        Defendants.        :

- - - - - - - - - - - - - - - - - x

**GOVERNMENT'S PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

                               PREET BHARARA
                               United States Attorney for the
                               Southern District of New York,
                               Attorney for the United States
                                   of America

AMIE N. ELY
HOWARD MASTER
Assistant United States Attorneys

       - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA
                                   :   S1 09 Cr. 259 (DLC)
          - v. -
                                   :
CARLOS MEJIA,
JOEL RODRIGUEZ, and                :
JONATHAN MEJIA,
  a/k/a "Moises,"                  :

          Defendants.             :

- - - - - - - - - - - - - - - - - x
```

### GOVERNMENT'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.  The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

A.    **The Charges**

1.    This is a criminal case.  CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, have been charged in an indictment with violating federal narcotics laws.

2.    The indictment is not evidence itself.  It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

3.    The indictment contains two counts.  The first count charges CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, with conspiring with others known and unknown to violate the federal narcotics laws.  Specifically, Count One charges the defendants, and others known and unknown, with conspiring to distribute, and to possess with the intent to distribute, a controlled substance.  That controlled substance is alleged to be 5 kilograms and more mixtures and substances containing a detectable amount of cocaine.  The conspiracy charged in Count One is alleged to have taken place from at least in or about January 2009, through in or about January 22, 2009.

4.    Do any of you believe you have personal knowledge of the charge contained in the Indictment as I have described it?

B.    **Knowledge of the Trial Participants**

5.    The defendants in this case are CARLOS MEJIA and JOEL RODRIGUEZ. [*Please ask the defendants to rise.*]  Do any of you know, or have you had any dealings, directly or indirectly,

2

with the defendant, or with any relative, friend or associate of either of the defendants?

6.   To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

7.   The defendant CARLOS MEJIA is represented today by Mr. Stephen Mark Goldenberg, Esq.  [*Please ask defense attorney to stand*.]  Do any of you know Mr. Goldenberg?  The defendant JOEL RODRIGUEZ is represented today by Mr. Barry Goldberg, Esq.  [*Please ask defense attorney to stand*.]  Do any of you know Mr. Goldberg?

8.   The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Amie Ely [*pronounced EE-LEE*] and Howard Master.  [*Please ask the Assistants to stand*.]  Do any of you know Ms. Ely or Mr. Master?  Have you or your family members or close friends had any dealings either directly or indirectly with them?  Ms. Ely and Mr. Master will also be assisted in this case by Special Agent Donald Weuve [*pronounced "weave"*] of the Department of Justice Drug Enforcement Administration, "DEA," and Mr. Julien Barbey [*pronounced BAR-BAY*], a paralegal in the U.S. Attorney's Office.  [*Please ask Agent Weuve and Mr. Barbey to stand*.]  Have you or your family members or close friends had any dealings either directly or

indirectly with Agent Weuve or Mr. Barbey?  Have you or your
family members or close friends had any dealings either directly
or indirectly with the United States Attorney's Office, or with
the Drug Enforcement Administration, also known as DEA?

       9.   I will now read a list of names of individuals
whose names may be mentioned during the trial, or who may be
witnesses in this case:

                [Please read list of names provided prior to
                jury selection]

Do any of you know any of these people?  Have you had any
dealings either directly or indirectly with any of these
individuals?

    C.   **<u>Relevant Locations</u>**

       10.  The conduct at issue in this case and the arrest
of the defendants took place in several locations, including:

                a.  the vicinity of Close Avenue, Bronx, New York
(near Watson Avenue); and

                b.   the vicinity of 1584 St. Nicholas Avenue in
the Bronx, New York (near 189th Street).  **[IF EVIDENCE OF JUNE 16,
2008 ARREST IS ADMITTED]**

                Are any of you particularly familiar with any of
those locations?

D.     **Relationship with Government**

11.  Do any of you know, or have any association --
professional, business, or social, direct or indirect -- with any
member of the staff of the United States Attorney's Office for
the Southern District of New York, or with the Drug Enforcement
Administration?  Is any member of your family employed by any law
enforcement agency, whether federal, state, or local?

12.  Has any juror, either through any experience he or
she has had or anything he or she has seen or read, developed any
bias, prejudice or other feelings for or against DEA?  For or
against the United States Attorney's Office?  For or against any
other law enforcement agency?

13.  Have you, or has any member of your family, either
as an individual, or in the course of business, ever been a party
to any legal action or dispute with the United States, or with
any of the officers, departments, agencies, or employees of the
United States?  Have any of you had any legal, financial or other
interest in any such legal action or dispute, or its outcome?

E.     **Prior Jury Service**

14.  Have you ever, at any time, served as a member of
a grand jury, whether in federal, state, county or city court?
If so, when and where did you serve?

15.  Have you ever served as a juror in any court?  If
so, when, and in what court did you serve, and was it a civil or

5

criminal case?  What was the nature of the case?  Without saying
what it was, did the jury reach a verdict?

    **F.**    <u>**Experience as a Witness, Defendant, or Crime Victim**</u>

    16.  Have any of you, or any of your relatives or close
friends, ever been involved or appeared as a witness in any
investigation by a federal or state grand jury, or by a
legislative committee or governmental agency?  Have you, or any
of those close to you, ever been questioned in any matter by a
federal, state, or local law enforcement agency?

    17.  Have you ever been a witness or a complainant in
any federal or state prosecution?

    18.  Are you, or is any member of your family, now
under subpoena in a criminal case?

    19.  Have you, or has any member of your family, any
associate or close friend, ever been charged with a crime?  What
crime?  Do you believe that those charges were fairly brought?
[*As to any prospective juror who answers affirmatively, the Court
is respectfully requested to inquire, at the bench or in the
robing room, into the circumstances of the charges.*]

    20.  Have you, or have any of your relatives,
associates, or close friends ever been the subject of any
investigation or accusation by any federal or state grand jury?
[*As to any prospective juror who answers affirmatively, the Court
is respectfully requested to inquire, at the bench or in the
robing room, into the circumstances of the investigation.*]

21.   Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime*.]

22.   Have you, or any of your close friends or relatives, had any experience with law enforcement that you think may affect your ability to render a fair verdict?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement agents*.]

**G.**   **Ability to Render a Fair and Impartial Verdict**

23.   As you can tell, during the trial, you will hear evidence concerning illegal narcotics.  Does the fact that the charge involves illegal narcotics affect your ability to render a fair verdict?

24.   Do any of you believe that it should not be a crime for a person to possess or sell illegal narcotics?

25.   Do any of you believe that the law governing this crime should not be enforced?

26.   Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to narcotics?  If so, when and what did you do?

27.   Has any juror been involved--as defendant, victim or any other way--in a case involving illegal drugs?

28.   Has any juror's relative, close friend, or associate ever been involved–as a defendant, victim, or in any other way--in a case involving illegal drugs?  Has any juror had any personal experience with narcotics that would make it difficult for him or her to be impartial?

**H.    Law Enforcement Witnesses**

29.    The Government witnesses in this case will consist in part of law enforcement officers, including Special Agents of the Drug Enforcement Administration, an Officer with the Department of Homeland Security, Customs and Border Protection **[if expert testimony by Officer Ray Pardo is admitted]**, and Officers with the New York City Police Department **[if proposed other act evidence is admitted]**.  Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?  Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

32.    Does anyone have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect their ability to be fair and impartial in this case? Does anyone have any feelings with regard to the law enforcement agencies that I have listed above that have affected their feelings in general regarding law enforcement?

**I.    Investigative Techniques**

33.    Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trials, or in a criminal trial more generally?

34.    Would any of you be unable to follow the judge's instructions that the Government is not required to use any

particular investigative technique in presenting evidence of a
crime?

**J.    <u>Other Questions</u>**

35.    Do any of you have problems with your hearing or
vision which would prevent you from giving full attention to all
of the evidence at this trial?

36.    Are any of you taking any medication, or do any
of you have any medical condition, that would prevent you from
giving full attention to all of the evidence at this trial?

37.    Do any of you have any difficulty in reading or
understanding English in any degree?

38.    Do any of you have any religious, philosophical
or other beliefs that would make you unable to render a guilty
verdict in this criminal case?

**K.    <u>Function of the Court and Jury</u>**

39.    The function of the jury is to decide questions
of fact.  You are the sole judge of the facts and nothing that
the Court or the lawyers say or do may encroach in any way on
your role as the exclusive fact-finder.  When it comes to the
law, however, you are to take your instructions from the Court,
and you are bound by those instructions.  You may not substitute
your own notions of what the law is, or what you think it should
be.  At the conclusion of the case, your job will be to determine
whether or not the defendant is guilty as charged in the
indictment.  Does any juror have any bias or prejudice, or any

10

philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

40.   Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the question of possible punishment must not enter into your deliberations as to whether the defendant is guilty of the crime charged?

41.   Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crime charged?

42.   It is not a particularly pleasant duty to find a person guilty of committing a crime.  Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**L.    Other Biases**

43.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any

11

reason whatsoever, that he or she will be able to serve
conscientiously, fairly, and impartially in this case, and to
render a true and just verdict without fear, favor, sympathy,
bias, or prejudice — and according to the law as it will be
explained to you?

**M.**   **Juror's Background**

44.   The Government respectfully requests that the
Court ask each juror to state the following information:

a.   the juror's age;

b.   the area in which the juror resides and
any other area the juror has resided
during the last ten years;

c.   the juror's educational background,
including the highest degree obtained;

d.   the juror's occupation;

e.   the juror's spouse's occupation;

f.   the name and location of the juror's
employer, and the period of employment
with that employer;

g.   the same information with respect to the
juror's spouse and any working children;

h.   what newspapers and magazines the juror
reads and how often;

i.   what television programs the juror
regularly watches;

j.   the juror's hobbies and leisure-time
activities, and organizations;

k.   whether the juror -- or any member of
the juror's family or friends -- has had
any significant experiences involving
any law enforcement agency; and

> j.        the juror's familiarity with online
>           social networking websites such as
>           MySpace, Hi-5, Facebook, Bebo, LinkedIn,
>           or Friendster.

**N.    <u>Requested Instruction Following Impaneling of the Jury</u>**

45.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

46.    If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense.  They will be acting properly by doing so.

Dated:  New York, New York
        January 26, 2010

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York


                    By:_____/s/_____
                              AMIE N. ELY
                              HOWARD MASTER
                              Assistant United States Attorneys
                              Tel.: (212) 637-2214
                              Tel.: (212) 637-2248