UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA
                                  :    S1 09 Cr. 259 (DLC)
          - v. -
                                  :
CARLOS MEJIA,
JOEL RODRIGUEZ, and               :
JONATHAN MEJIA,
  a/k/a "Moises,"                 :

          Defendants.             :

- - - - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE


                         PREET BHARARA
                         United States Attorney
                         Southern District of New York
                         Attorney for the United States
                              of America


AMIE N. ELY
HOWARD MASTER
Assistant United States Attorneys

     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA
                                   :   S1 09 Cr. 259 (DLC)
         - v. -
                                   :
CARLOS MEJIA,
JOEL RODRIGUEZ, and                :
JONATHAN MEJIA,
  a/k/a "Moises,"                  :

         Defendants.               :

- - - - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

i

**TABLE OF CONTENTS**

REQUEST NO.                                              PAGE

   1        General Requests.. . . . . . . . . . . . . . . 1

   2        Summary of the Superseding Indictment. . . . . . 2

**Count One: Conspiracy to Distribute or Possess With Intent to Distribute a Controlled Substance**

   3        Count One: Narcotics Conspiracy: General
            Instructions (21 U.S.C. § 846).. . . . . . . . . 4

   4        Count One: Narcotics Conspiracy: Elements of
            the Conspiracy.. . . . . . . . . . . . . . . . 6

   5        Count One: Narcotics Conspiracy: First Element –
            Existence of the Conspiracy. . . . . . . . . . 8

   6        Count One: Narcotics Conspiracy: First Element –
            Objects of the Conspiracy. . . . . . . . . . 14

   7        Count One: Narcotics Conspiracy: First Element –
            Objects of the Conspiracy - Definitions of
            Distribution and Possession with Intent to
            Distribute.. . . . . . . . . . . . . . . . . 16

   8        Count One: Narcotics Conspiracy: Second Element –
            Membership in the Conspiracy.. . . . . . . . 20

   9        Count One: Narcotics Conspiracy: Duration of and
            Extent of Involvement in the Conspiracy. . . . 26

  10        Count One: Narcotics Conspiracy: Overt Acts. . .29

  11        Count One: Narcotics Conspiracy: Time of
            Conspiracy.. . . . . . . . . . . . . . . . . 30

  12        Count One: Narcotics Conspiracy: Liability for
            Acts and Declarations of Co-Conspirators.. . . 31

  13        Count One: Narcotics Conspiracy: Special
            Interrogatory on Drug Quantity.. . . . . . . 32

**Count Two: Attempted Distribution and Possession With Intent to Distribute a Controlled Substance**

14      Count Two: Attempted Distribution and Possession
        With Intent To Distribute a Controlled Substance:
        General Instructions
        (21 U.S.C. § 841). . . . . . . . . . . . . . . . .   36

15      Count Two: Attempted Distribution and Possession
        with Intent to Distribute a Controlled Substance:
        Elements of the Offense. . . . . . . . . . .   37

16      Count Two: Aiding and Abetting.. . . . . . . .   41

**Additional Requests**

17      Venue. . . . . . . . . . . . . . . . . . .   44

18      Expert Witnesses.. . . . . . . . . . . . . .   46

19      Variance in Dates. . . . . . . . . . . . . .   48

20      Consciousness of Guilt from Evidence of False
        Exculpatory Statements.. . . . . . . . . . .   49

21      Particular Investigative Techniques
        Not Required [If Applicable] . . . . . . . .   50

22      Use of Audio Recordings and Transcripts . . . .   51

23      Cooperating Witness and Confidential Informant
        Testimony . . . . . . . . . . . . . . . . .   53

24      Use of Evidence Obtained Pursuant to Consensual
        Recordings . . . . . . . . . . . . . . . . .   57

25      Law Enforcement Witnesses . . . . . . . . . .   58

26      Preparation of Witnesses . . . . . . . . . .   59

27      Stipulation of Facts [If Applicable]. . . . . .   60

28      Stipulation of Testimony [If Applicable] . . .   61

29      Persons Not on Trial or Not Indicted.. . . . .   62

30      Defendant's Right Not To Testify
        [If Requested by Defense]. . . . . . . . . . .   64

iii

31      Defendant's Testimony
        [Requested Only if a Defendant Testifies]. . .  65

32      Character Testimony [If Applicable] . . . . . . 66

33      Uncalled Witnesses - Equally Available to Both
        Sides [If Applicable]. . . . . . . . . . . .  68

34      Limiting Instruction – Similar Act Evidence
        [If Applicable]. . . . . . . . . . . . . . .  69

35      Use of Evidence Obtained Pursuant to Search . . 71

36      Charts and Summaries [If Applicable] . . . . . 72

CONCLUSION . . . . . . . . . . . . . . . . . . . . . .  74

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Superseding Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Burden of Proof and Presumption Of Innocence.

e.   Reasonable Doubt.

f.   Jury's Recollection Controls.

g.   Inferences.

h.   Government Treated Like Any Other Party.

i.   Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

j.   Credibility Of Witnesses.

k.   Right to See Exhibits and Have Testimony Read During Deliberations.

l.   Sympathy: Oath Of Jurors.

m.   Punishment Is Not To Be Considered By The Jury.

n.   Verdict Of Guilt Or Innocence Must Be Unanimous.

## REQUEST NO. 2

### Summary of the Superseding Indictment

The defendants, CARLOS MEJIA and JOEL RODRIGUEZ are formally charged in a Superseding Indictment.  As I instructed you at the outset of this case, the Superseding Indictment is a charge or accusation.  It is not evidence.

The Superseding Indictment in this case contains two counts.  Each Count is a separate offense or crime.  Each Count must therefore be considered separately by you, and you must return a separate verdict on each Count.

Count One of the Superseding Indictment charges that the defendants conspired with others known and unknown to violate the federal narcotics laws.  Specifically, Count One charges the defendants, and others known and unknown, with conspiring to distribute, and to possess with the intent to distribute, a controlled substance.  The controlled substance was, in fact, 5 kilograms of mixtures and substances containing a detectable amount of cocaine.  The conspiracy charged in Count One is alleged to have taken place from at least in or about January 2009, through in or about January 22, 2009.

Count Two charges that, on or about January 22, 2009, the defendants attempted to distribute, or to possess with the intent to distribute, a controlled substance.

2

**REQUEST NO. 3**

**Count One: Narcotics Conspiracy:
General Instructions (21 U.S.C. § 846)**

As I said, Count One charges the defendants with participating in a conspiracy to violate the narcotics laws of the United States.  Count One charges, and I am reading now from the Superseding Indictment, that:

> From at least early January 2009, up through and including on or about January 22, 2009, in the Southern District of New York and elsewhere, CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

> It was a part and an object of the conspiracy that CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

> In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

> In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

> [FIRST OVERT ACT OMITTED]

> On or about January 22, 2009, in the vicinity of Close Street in Bronx, New York, CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, retrieved a 2006 black BMW 650I from a car carrier which they believed to

3

contain approximately 28 kilograms of cocaine.

What is a conspiracy?  A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Superseding Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Count Two, which I will discuss in a few moments, charges a substantive crime.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find a defendant guilty of the crime of conspiracy, even if you find that he never actually committed the substantive crime that was the object of the conspiracy.   In other words, you may find a defendant guilty of the crime of conspiracy to distribute a controlled substance or to possess a controlled substance with intent to distribute it — in other words, agreeing to distribute or to possess with intent to distribute a controlled substance — even if there was no *actual* distribution or possession with the intent to distribute a controlled substance.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

4

Adapted from the charge of the
Honorable Leonard B. Sand in <u>United</u>
<u>States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS)
(S.D.N.Y. 1992); Sand, <u>et al.</u>,
<u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>,
Instr. 19-2.

<u>See</u> <u>United</u> <u>States</u> v. <u>Labat</u>, 905
F.2d 18, 21 (2d Cir. 1990) ("Since
the essence of conspiracy is the
agreement and not the commission of
the substantive offense that is its
objective, the offense of
conspiracy may be established even
if the collaborators do not reach
their goal.").

**REQUEST NO. 4**

**Count One: Narcotics Conspiracy:**
**Elements of the Conspiracy**

To sustain its burden of proof with respect to the
charge of conspiracy contained in Count One of the Superseding
Indictment, the Government must prove beyond a reasonable doubt
the following two elements:

First, the existence of the conspiracy charged in the
Superseding Indictment; in other words, that there was, in fact,
an agreement or understanding to violate those provisions of the
law that make it illegal to distribute narcotics, or to possess
narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the
conspiracy alleged in the Superseding Indictment exist?  Was
there such a conspiracy?

Second, the Government must prove beyond a reasonable
doubt that each of the defendants knowingly became a member of
the conspiracy charged; that is, that he knowingly associated
himself with the conspiracy, and participated in the conspiracy
to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the
> Honorable Leonard B. Sand in United
> States v. Rios, 91 Cr. 914 (LBS)
> (S.D.N.Y. 1992).
>
> Under Section 846, it is not
> necessary for the Government to
> allege or prove even one overt act.
> See United States v. Shabani, 115

6

S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

<u>**REQUEST NO. 5**</u>

<u>**Count One: Narcotics Conspiracy: First Element –
Existence of the Conspiracy**</u>

Now, with respect to Count One, let us turn to the
first element that the Government must establish beyond a
reasonable doubt, the existence of the conspiracy.  What is a
conspiracy?  Simply defined, a conspiracy is an agreement by two
or more persons to violate the law.  In this instance, the
unlawful purposes alleged to have been the object of the
conspiracy charged in Count One are the distribution of a
controlled substance or the possession with intent to distribute
it.

The gist, or the essence, of the crime of conspiracy is
the unlawful combination or agreement to violate the law.  The
success or failure of a conspiracy is not material to the
question of guilt or innocence of the conspirator, for a
conspiracy is a crime entirely separate and distinct from the
substantive crime that may be the goal of the conspiracy.  The
crime of conspiracy is complete once the unlawful agreement is
made.

To establish a conspiracy, the Government is not re-
quired to show that two or more persons sat around a table and
entered into a solemn compact, orally or in writing, stating that
they have formed a conspiracy to violate the law and setting
forth details of the plans and the means by which the unlawful

8

project is to be carried out or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any par-ticular number of alleged co-conspirators joined in the con-spiracy in order to find that a conspiracy existed.  You need only find that the defendants entered into the unlawful agreement alleged in the Superseding Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-con-spirators that are done to carry out an apparent criminal pur-

9

pose.  The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count One of the Superseding Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt

that at least two alleged conspirators came to a mutual under-
standing, either spoken or unspoken, to violate the law in the
manner charged in Count One of the Superseding Indictment.

Object of Conspiracy

The object of a conspiracy is the illegal goal the
co-conspirators agree or hope to achieve.  The Superseding
Indictment charges that the objectives of the conspiracy were the
distribution of and possession with intent to distribute a
controlled substance. I will define the terms "distribution" and
"possession" for you in a moment.  As I will explain in more
detail in a few moments, to "distribute" means simply to transfer
to another.  It does not require a sale.  "Possession with intent
to distribute" simply means the possession of a controlled
substance with the intention, or purpose, to distribute it to
another person or persons.

Let me note that the Government need prove only that
the defendant conspired to distribute the controlled substance or
that he conspired to possess the controlled substance with the
intent to distribute it.  The Government need not prove both.  I
will define the terms distribution and possession for you later
in these instructions.  If you conclude that the Government has
proven beyond a reasonable doubt that the conspiracy charged in
the Superseding Indictment existed, then you must next determine
the second question:  Whether each of the defendants participated

11

in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

<u>Quantity</u>

Before I go further, let me note something regarding the quantity and purity of drugs involved.  I instruct you that the actual quantity and purity of the controlled substance involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendants are guilty or not guilty of Count One.  In order to determine whether the defendants are guilty of Count One, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of a controlled substance.

As I will explain later, however, if you do find that the Government has proved the elements of Count One of the Superseding Indictment beyond a reasonable doubt, you will then be asked to make a finding about quantity.

> Adapted from the charge of the Honorable
> Leonard B. Sand in <u>United</u> <u>States</u> <u>v.</u>
> <u>Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992); and
> the charge of the Honorable Kevin T.
> Duffy in <u>United</u> <u>States</u> <u>v.</u> <u>Ogarro</u>, 92 Cr.
> 114 (S.D.N.Y. 1992); and the charge of
> the Honorable Kevin T. Duffy in <u>United</u>
> <u>States</u> <u>v.</u> <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y.
> 1993); and the charge of the Honorable
> Laura Taylor Swain in <u>United</u> <u>States</u> <u>v.</u>
> <u>Jose</u> <u>Ovalle</u>, 02 Cr. 975 (S.D.N.Y. 2003);
> Sand, Modern Federal Jury Instructions,
> Instr. 19-4.

See United States v. Rea, 958 F.2d 1206,
1214 (2d Cir. 1992) ("In order to prove
conspiracy, the Government need not
present evidence of an explicit
agreement; proof of a tacit
understanding will suffice.  The
conspirators need not have agreed on the
details of the conspiracy, so long as
they have agreed on the essential nature
of the plan, and their goals need not be
congruent, so long as they are not at
cross-purposes.") (citations omitted);
United States v. Montour, 944 F.2d 1019,
1025 (2d Cir. 1991) ("To prove the
existence of an agreement, the
Government need not present evidence of
a formal arrangement between the
co-conspirators.  Rather, it is
sufficient if the Government can
demonstrate that the defendants acted
together with others to realize a common
goal") (citations omitted); United
States v. Rubin, 844 F.2d 979, 983-84
(2d Cir. 1988) (generally discussing
proof of agreement).

**REQUEST NO. 6**

**Count One: Narcotics Conspiracy: First Element –
Object of the Conspiracy**

As I have just described, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to possess and distribute cocaine in the manner charged in Count One. Now, the second part of the first element relates to the object, or the objective, of the conspiracy. Count One of the Superseding Indictment charges that the objects of the conspiracy were the distribution of cocaine and the possession of cocaine with the intent to distribute it. Specifically, and I am now reading from the Superseding Indictment, the prosecution alleges that:

> It was a part and an object of the conspiracy that CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).
> The controlled substance involved in the offense was 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A).

Now I will instruct you now about these objects by defining the terms "distribution" and "possession with intent to distribute."

14

Adapted from the charge of the
Honorable Richard J. Sullivan in
<u>United States</u> v. <u>Samuels</u>, 08 Cr.
789 (RJS) (S.D.N.Y. 2009).

<u>**REQUEST NO. 7**</u>
**<u>Count One: First Element – Objects of the Conspiracy,
Definitions of Distribution and Possession
With Intent to Distribute</u>**

<u>"Distribution"</u>

The word "distribution" means the actual, constructive or attempted transfer of the drug.  To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another.  Distribution does not require a sale.

<u>"Possession With Intent To Distribute"</u>

What does "possession with intent to distribute" mean? I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

<u>"Possession"</u>

We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in

possession of that article.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control possesses them because he has an effective working relationship with the people who have actual physical custody of them, and because he can direct the movement or transfer or disposition of those things.  In this manner, a businessman may possess things that are scattered throughout a number of stores or offices or installations around and about a city or a country.

More than one person can have control over the same narcotics.  The law recognizes that possession must may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

"Intent to Distribute"

"Possession with intent to distribute," means that a defendant possessed the substances with a state of mind or purpose to transfer them to another person.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his

17

behavior. Basically, the question with regard to intent aspect of the underlying offense is whether, is whether any drugs in a defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

Often it is possible to make the determination as to whether drugs were possessed "with intent to distribute" from the quantity of drugs that a defendant may have possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendants intended to distribute them. On the other hand, a defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it.  Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute.  It might also be evidence of a plan or a scheme to distribute.  You should make your decision whether the Government has proved beyond a reasonable doubt that the defendants committed the offense charged in Count One of the Superseding Indictment from all of the evidence presented in this case.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), cert. denied, 111

S.Ct. 273 (1990).  <u>See also</u> Sand <u>et</u>
<u>al</u>., <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 56-9, 56-12,
and 56-13.

**REQUEST NO. 8**

**Count One: Narcotics Conspiracy: Second Element –
Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendants participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of each defendant's own actions and conduct beyond a reasonable doubt that he unlawfully, willfully, and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to promote and cooperate in one of its unlawful objectives.

As you can see, this element concerns a person's state of mind.  Direct proof of state of mind is not always available.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind.  Such direct proof is not required.

"Unlawfully," "Willfully" and "Knowingly" Defined

As to this element, the terms "unlawfully," "willfully," and "knowingly" mean that you must be satisfied

20

beyond a reasonable doubt that in joining the conspiracy (if you find that the defendants did join the conspiracy), a defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

"Unlawfully" means simply contrary to law.  A defendant need not have known that he was breaking any particular law or any particular rule.  He needs only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendants or in his presence. The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendants of the unlawful purposes of the conspiracy.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed

21

by the evidence and the rational or logical inferences that may
be drawn therefrom.

What is referred to as drawing inferences from
circumstantial evidence is no different from what people normally
mean when they say, "use your common sense." Using your common
sense means that, when you come to decide, for example, whether
the defendant possessed narcotics with an intent to distribute,
you don't limit yourself to just what he said, but you also look
at what he did and what others did in relation to him and, in
general, everything that occurred.

Circumstantial evidence, if believed, is of no less
value than direct evidence. In either case, the essential
elements of the crime charged must be established beyond a
reasonable doubt.

By pleading not guilty, each of the defendants denies
that he was a member of this conspiracy. It is for you to
determine whether the Government has established to your
satisfaction and beyond a reasonable doubt that such knowledge
and intent on the part of the defendants existed.

It is not necessary that a defendant be fully informed
as to all the details of the conspiracy to justify an inference
of knowledge on his part. To have guilty knowledge, a defendant
need not have known the full extent of the conspiracy or all of
its activities or all of its participants. It is not even
necessary that the defendant know every other member of the

conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

Conscious Avoidance

Let me say one other thing about the knowledge element regarding the objectives or purposes of the conspiracy.  In determining whether the defendant acted knowingly and intentionally regarding the objectives or purposes of the conspiracy, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

The necessary knowledge on the part of the defendant cannot be established by showing that the defendant was careless, negligent or foolish.  However, a person may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law. If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that the object of the agreement was to distribute or possess with intent to distribute a controlled substance but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that the

23

object of the conspiracy was not to distribute or possess with intent to distribute a controlled substance.

Let me caution you that this legal principle regarding the deliberate closing of the eyes has no bearing on whether a conspiracy existed or even whether the defendant became a member of the conspiracy, rather, if the Government proves beyond a reasonable doubt that the conspiracy existed and that the defendant became a member of the conspiracy, the Government may then prove that the defendant acted with knowledge of the illegal objectives or purposes by showing that he deliberately closed his eyes to what otherwise would have been obvious.

In short, if you find that the defendant you are considering was aware of a high probability that the object of the conspiracy was to violate federal law, and that he acted with deliberate disregard of that fact, you may find that he acted knowingly. However, if you find that the defendant you are considering actually believed that the object of the conspiracy was lawful, he may not be convicted.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993), and from Sand, Modern Federal Jury Instructions, Instr. 19-6.  See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need

24

not have joined a conspiracy at its inception
in order to incur liability for the unlawful
acts of the conspiracy committed both before
and after he or she became a member.")
(citations omitted).  <u>See</u> <u>also</u> <u>United</u> <u>States</u>
v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d
Cir.) (generally discussing proof required to
show membership in conspiracy), <u>cert</u>. <u>denied</u>,
112 S. Ct. 347 (1991); and <u>United</u> <u>States</u> v.
<u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir.
1990) (same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858
(1991).

**REQUEST NO. 9**
**Count One: Narcotics Conspiracy: Duration of and Extent of Involvement in the Conspiracy**

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.  The defendants need not have joined the conspiracy at the outset.  A defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

26

In sum, the defendants, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  A defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993), and from the charge of the Honorable Laura Taylor Swain in United States v. Ovalle, 02 Cr. 975 (LTS) (S.D.N.Y. 2003), and from Sand, Modern Federal Jury Instructions, Instr. 19-6.  See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).  See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy),

cert. denied, 112 S. Ct. 347 (1991); and
United States v. Maldonado-Rivera, 922 F.2d
934, 960 (2d Cir. 1990) (same), cert. denied,
111 S. Ct. 2858 (1991).

## REQUEST NO. 10

## Count One: Narcotics Conspiracy:
## Overt Acts

Count One of the Superseding Indictment contains a section entitled "overt acts."  These "overt acts" provide an example of conduct alleged by the Government to have been undertaken by the defendants to further or promote the illegal objective of the conspiracy.

Although the Superseding Indictment lists overt acts, the Government need not prove that the defendants or any co-conspirators committed any overt act.  As I have told you, to prove a conspiracy, the Government need only prove the existence of the conspiracy charged, and the defendant's knowing participation in the conspiracy.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).  See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

29

**REQUEST NO. 11**

**Count One: Narcotics Conspiracy:**
**Time of Conspiracy**

        Count One alleges that the conspiracy existed from at least in or about January 2009 through in or about January 22, 2009. It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

        Adapted from the charge of the Honorable
John F. Keenan in United States v. Carrero,
91 Cr. 365 (S.D.N.Y. 1991); Sand, Modern
Federal Jury Instructions, Instr. 3-12.

**REQUEST NO. 12**

**Count One: Narcotics Conspiracy:
Liability for Acts and Declarations of Co-Conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90
> (2d Cir. 1982)(specifically mandating that juries not
> be invited to reconsider the admissibility of co-
> conspirator hearsay)

31

## REQUEST NO. 13

### Count One: Narcotics Conspiracy:
### Special Interrogatory on Drug Quantity

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the type of controlled substance involved in the conspiracy.  If you find that the conspiracy involved cocaine, you must then also determine the quantity of cocaine involved.

DRUG TYPE

The Government has alleged that cocaine was the controlled substance involved in the conspiracy.  The Government need not prove the purity of the cocaine – any mixture or substance containing a detectable amount of cocaine is sufficient.

If you conclude, unanimously, that the Government has failed to prove beyond a reasonable doubt that the conspiracy alleged in Count One involved cocaine, check "NO" in response to that question on the verdict form, and move on to Count Two. If, on the other hand, you conclude, unanimously, that the Government has proved beyond a reasonable doubt that the conspiracy alleged in Count One involved cocaine, check "YES" in response to that question on the verdict form and move on to the issue of quantity.


DRUG QUANTITY

32

If you find that the conspiracy charged in Count One involved cocaine, you must then determine what quantity of cocaine the conspiracy involved.

You need not determine the precise quantity.  Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved either 5 kilograms or more of cocaine or 500 grams or more of cocaine.  The verdict form that I will submit to you will have a place where you can answer those questions.

Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 5 kilograms or more of mixtures and substances containing a detectable amount of cocaine, you should indicate 5 kilograms or more of cocaine. If, however, some jurors conclude that the conspiracy involved 5 kilograms or more of cocaine and the rest of the jurors conclude that it involved between 500 grams and 5 kilograms of cocaine, you may not indicate that the conspiracy involved 5 kilograms or more.  Under those circumstances, however, you may indicate at least 500 grams of cocaine, because all of you would be in agreement that the conspiracy involved at least 500 grams of cocaine.  If you conclude that the Government has not proved

33

that the conspiracy involved at least 500 grams of cocaine, then you may indicate that on the verdict form.

"INVOLVED"

In making your determination about the type and quantity of any controlled substance involved in the conspiracy charged in Count One, you should include whatever type and quantity of controlled substance were involved in any act or acts in which a defendant personally and directly participated. That is, if you find that a defendant personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction, whether or not he knew the specific type or quantity involved in the transaction.

In making your determination about the type and quantity of controlled substances involved in the offense, you should also include any controlled substances associated with any co-conspirators of a defendant, as long as the type and quantity were either known to the defendant or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook.

> Adapted from the charge of the Honorable
> Gerard E. Lynch in United States v. Rafael
> Martinez, S5 08 Cr. 792 (GEL) (August 7,
> 2009).  See Apprendi v. New Jersey, 530 U.S.
> 466 (2000); United States v. Thomas, 274 F.3d
> 655 (2d Cir. 2001)(en banc); United States v.
> Gonzalez, 420 F.3d 111, 125 (2d Cir. 2005);
> United States v. Martinez, 987 F.2d 920, 925-
> 26 (2d Cir. 1993) (noting that a co-

34

conspirator "should not be sentenced for
certain conspiratorial acts unless there is
proof that he knew or should have known about
the details of these conspiratorial acts");
United States v. Velasquez, 28 F.3d 2, 5 (2d
Cir. 1994) (holding that the "reasonable
foreseeability" requirement does not apply to
conduct "that the defendant personally
undertakes" and that the Sentencing
Guidelines, including the definition of
relevant conduct in U.S.S.G. § 1B1.3, "are
simply an extension of the statutory
sentencing scheme");  United States v.
Chalarca, 95 F.3d 239, 243 (2d Cir. 1996)
("[T]he quantity of drugs attributed to a
defendant need not be foreseeable to him when
he personally participates, in a direct way,
in a jointly undertaken drug transaction.")
(construing the Sentencing Guidelines);
United States v. Castrillon, 376 F.3d 46, 47
(2d Cir. 2004) (per curiam) (same)
(construing 21 U.S.C. § 846).  But see United
States v. Santos, 541 F.3d 63, 71 (2d Cir.
2008); United States v. Adams, 448 F.3d 492,
499 (2d Cir. 2006).

## REQUEST NO. 14

## Count Two: Attempted Possession With Intent To Distribute a Controlled Substance

General Instructions

Count Two of the Superseding Indictment charges the defendants, CARLOS MEJIA and JOEL RODRIGUEZ, with the crime of attempting to distribute, or to possess with the intent to distribute, cocaine on or about January 22, 2009.

I will now read Count Two to you.  Count Two reads:

On or about January 22, 2009, in the Southern District of New York and elsewhere, CARLOS MEJIA and JOEL RODRIGUEZ, the defendants, unlawfully, intentionally, and knowingly attempted to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

The controlled substance involved in the offense was 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A).

36

**REQUEST NO. 15**

**Count Two: Attempted Possession With Intent To Distribute a Controlled Substance - Elements**

Let me say a few words about the meaning of "attempt." An attempt is similar to the crime of conspiracy in that there is no requirement that the attempt be successful or that a defendant actually carried out the crime he was trying to commit.  To prove the charge of attempting to distribute or possess with intent to distribute cocaine, the Government must prove beyond a reasonable doubt that a defendant willfully took a substantial step to bring about or accomplish the narcotics distribution or possession with intent to distribute.

The Elements

In order to prove the charges of attempting to either distribute a controlled substance or to possess a controlled substance with the intent to distribute it, the Government must establish beyond a reasonable doubt, one, that the defendant you are considering intended to commit the crime charged, and two, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged and that he took

37

some action which was a substantial step toward the commission of the crime.

In determining whether the defendant's actions amounted to a substantial step toward commission of the crime charged, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent to willfully commit the crime and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

In order to sustain its burden of proof on the charges of attempted distribution and possession with the intent to distribute a controlled substance, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about the dates charged in the Superseding Indictment, the defendants named in Count Two either attempted to distribute a controlled substance or attempted to possess a controlled substance with the intent to distribute it.

Second, that each defendant did so unlawfully, intentionally and knowingly.

The Government need not establish that the defendant ever actually possessed narcotics; however, the Government must prove beyond a reasonable doubt that the defendant intended to distribute a controlled substance or intended to possess a controlled substance with the intent to distribute it when he took action constituting a substantial step toward the commission of the crime of distribution or possession with intent to distribute narcotics.

As I just said, the first element that the Government must prove beyond a reasonable doubt is the attempted distribution or possession with intent to distribute a controlled substance.  I have already defined those terms for you earlier in my instructions when I instructed you on the narcotics conspiracy count.

The second element requires that the Government prove beyond a reasonable doubt that the defendant acted unlawfully, intentionally and knowingly.  I have already instructed you on the meaning of these words in my charge on the narcotics conspiracy count, but let me elaborate a bit further.

To satisfy its burden of proof as to this element, the Government must prove beyond a reasonable doubt that the defendant knew that he was attempting to distribute narcotics or knew that he was attempting to possess narcotics and that his actions in distributing narcotics or possessing narcotics with the intent to distribute them were not due to carelessness,

39

negligence or mistake.  Although the Government must prove that
the defendant knew that he attempted to distribute or possess
narcotics, however, it does not have to prove that the defendant
knew the exact nature of the drugs he attempted to distribute or
possess.  It is enough that a defendant knew that he was
attempting to distribute or possess some kind of narcotics.

> Adapted from the charge of the
> Honorable Laura Taylor Swain in United
> States v. Jose Ovalle, 02 Cr. 975
> (S.D.N.Y. 2003); and from Sand, Modern
> Federal Jury Instructions, Instr. 10-1.
>
> The Government respectfully requests
> the Court, contrary to the model
> attempt instruction in the Modern
> Federal Jury Instructions, not to
> provide examples of what actions would
> constitute a "substantial step" toward
> the commission of a crime.  Judge
> Sand's treatise points out that,
> although other circuits apparently
> approve of the use of such examples,
> that practice is not favored in the
> Second Circuit because of criticism
> found in United States v. Ivic, 700
> F.2d 51, 66-68 (2d Cir. 1983).  See
> Sand, Modern Federal Jury Instructions,
> Instr. 10-7 to 10-8.

**REQUEST NO. 16**

**Count Two: Aiding and Abetting**

With respect to Count Two, the Superseding Indictment also charges the defendants, CARLOS MEJIA and JOEL RODRIGUEZ, with what is known in the law as "aiding and abetting."  In Count Two, each defendant is charged with "aiding and abetting." This is an alternative manner in which MEJIA and RODRIGUEZ may be found guilty of Count Two.  Aiding and abetting must be proven by the Government beyond a reasonable doubt.

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendants guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, with respect to Count Two, you may find the defendants, CARLOS MEJIA and JOEL RODRIGUEZ, guilty of the substantive crime if you find beyond a reasonable doubt that the

Government has proved that another person actually committed that crime, and that the defendant aided and abetted that person in the commission of that crime.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that the crime charged was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

To aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture, although the interest does not have to be a financial one.

42

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 11-1 and 11-2; and
the charge approved in United States v.
Stanchich, 550 F.2d 1294 (2d Cir.
1977).


See United States v. Labat, 905 F.2d
18, 23 (2d Cir. 1990) (discussing
requirements of aiding and abetting
liability); United States v. Clemente,
640 F.2d 1069 (2d Cir. 1981) (same).

43

**REQUEST NO. 17**

**Venue**

In addition to all the elements of Counts One and Two, that I have just described for you, you must decide, separately with respect to each count whether any act in furtherance of the crime occurred within the Southern District of New York. The Southern District of New York includes, among other places, Manhattan, the Bronx, and Westchester County, New York. It also includes the contiguous waters between those places and the districts adjoining them – that is, the Southern District of New York includes the bridges that cross the East River and the Hudson River.

In this regard, the Government need not prove that the crime was committed in this District or that the defendants themselves were present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.  Thus, with respect to Counts One and Two, the Government has satisfied its venue obligations if

44

you conclude that it is more likely than not that any act in furtherance of the crime charged occurred within this District.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendants of this charge.

> Adapted from the charges of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and Tr. at 439; the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11. See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), cert. denied, 112 S. Ct. 660 (1991).

**Request No. 18**
**Expert Witnesses**

**[If Applicable]**

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience,

46

and the other evidence does not give you reason to doubt his
conclusions, you would be justified in placing reliance on his
testimony.

>Adapted from the charge of the
>Honorable Pierre N. Leval in <u>United
>States</u> <u>v.</u> <u>Mucciante,</u> 91 Cr. 403 (PNL)
>(S.D.N.Y. 1992) and from the charge of
>the Honorable Michael B. Mukasey in
><u>United</u> <u>States</u> <u>v.</u> <u>Mensah</u>, 91 Cr. 705
>(MBM) (S.D.N.Y. 1991).

## REQUEST NO. 19

## Variance in Dates

You will note that the Superseding Indictment alleges that certain acts occurred on or about various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Superseding Indictment and the dates and months established by the evidence.

> Adapted from the charged of Judge Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of Judge Charles Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

48

**REQUEST NO. 20**
**Consciousness of Guilt From**
**Evidence of False Exculpatory Statements**

You have heard some evidence in this case that the defendants made statements to law enforcement agents that the government contends were false statements.  When a defendant voluntarily and intentionally offers an explanation intending to show his innocence, and that explanation is later shown to be false, you may consider whether that evidence points to a consciousness of guilt.  Ordinarily, it is reasonable to infer that a person who believes that he is innocent does not find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to  the defendant's voluntary explanation points to a consciousness of guilt, and the significance, if any, to be attached to such evidence, are matters exclusively within your province.

> The charge of the Honorable Laura Taylor
> Swain in United States v. Ellis Williams
> Gomez,  06 CR 571 (LTS) (S.D.N.Y. 2007); the
> Honorable Loretta A. Preska in United States
> v. David E. Wexler, 03 Cr. 1150 (LAP)
> (S.D.N.Y. 2005); the charge of the Honorable
> George B. Daniels in United States v.
> Fiorentino Zambrano, 04 Cr. 670 (GBD)
> (S.D.N.Y. 2005); see United States v. Gaviria,
> 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse
> exculpatory statements made to law
> enforcement officials are circumstantial
> evidence of a consciousness of guilt and have
> independent probative force") (quoting United
> States v. Johnson, 513 F.2d 819, 824 (2d Cir.
> 1975)).

49

## REQUEST NO. 21

## Particular Investigative Techniques Not Required

### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendants has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

50

**REQUEST NO. 22**

**Use of Audio Recordings and Transcripts**

Audio recordings and transcripts of those recordings have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendants.

In connection with these tapes, you heard testimony that some of the conversations were in Spanish. For that reason, it was necessary for the Government to obtain translations of those conversations into English. The transcripts of those conversations embody the testimony of the Spanish interpreter called by the Government to testify [OR as stipulated by the Government and the defendant.] Remember that the jury is the ultimate fact-finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

If you wish to view any of the transcripts, they will be made available to you during your deliberations. [If

51

Applicable: Certain redactions, or deletions, have been made in the transcripts and from the CD copies of the recordings at the direction of the Court.  You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.]

> Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

**REQUEST NO. 23**

**Cooperating Witness and Confidential Informant Testimony**

**[If Applicable]**

You have heard from a witness who has testified that he/she participated in the planning and carrying out the crimes charged in the Superseding Indictment at the direction of law enforcement agents.  You further heard evidence that, prior to working with law enforcement agents in connection with this case, the witness himself/herself committed crimes and pled guilty to those crimes pursuant to a cooperation agreement. That agreement has been admitted into evidence and, as you have heard, the agreement provided that the cooperation of the witness would be brought to the attention of the judge who sentenced him/her if various conditions were met.

There has been a great deal said about this so-called "informant" witness in the summations of counsel and whether or not you should believe them.  You should know that informants are frequently used by the Government to obtain leads and to gain introduction to persons suspected of violating the law. There are certain types of crimes where, without the use informants, detection would be extremely difficult. Furthermore, informants are sometimes paid by law enforcement or cooperate with law enforcement in hopes that it will benefit them when they are sentenced in connection with their own cases.  I must caution you that it is no concern of yours why the Government

53

made an agreement with a particular witness.  Because this law
enforcement technique is entirely lawful, your personal view on
its use -- whether you approve or disapprove -- is beside the
point and must not affect your evaluation of the evidence in
this case.

Let me put it another way. If you are satisfied beyond
a reasonable doubt that the defendant committed the offenses
charged in the Superseding Indictment, you should find him or
her guilty even though you believe that his or her apprehension
came about in some measure by the Government's use of informants
or undercover witnesses.

Because of the possible interest an informant witness
may have in testifying, however, the informant's testimony
should be scrutinized with special care and caution.  You may
consider whether informant witnesses -- like any other witnesses
called in this case -- have an interest in the outcome of the
case, and if so, whether it has affected their testimony. The
fact that a witness is an informant can be considered by you as
bearing upon his credibility.  It does not follow, however, that
simply because a person has admitted to participating in one or
more crimes, that he is incapable of telling the truth.  Like
the testimony of any other witness, informant witness testimony
should be given the weight that it deserves in light of the
facts and circumstances before you, taking into account the
witness's demeanor, candor, the strength and accuracy of a

54

witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

In evaluating the testimony of informant witnesses, you should ask yourselves whether these informants would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the informant witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

55

Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 7-5 (accomplice witness instruction) and 5-23 (informant witness instruction); from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir.) (specifically approving charge set forth in footnote), cert. denied, 409 U.S. 1006 (1972).

See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), cert. denied, 444 U.S. 1082 (1980), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same). See also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

56

## **REQUEST** **NO.** **24**

### **Use** **Of** **Evidence** **Obtained** **Pursuant** **to** **Consensual** **Recordings**

You have heard and seen evidence obtained from consensual recordings.  This evidence was also lawfully obtained, and properly admitted in this case.  Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Sand, Modern Federal Jury Instructions, Instr. 5-11; adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 25

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

58

## REQUEST NO. 26

## Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey
> in United States v. Abdul Latif Abdul Salam, 98
> Cr. 208 (MBM) (S.D.N.Y. 1999).

59

## REQUEST NO. 27

## Stipulation of Facts

### [If Applicable]

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-6.

60

## REQUEST NO. 28

## Stipulation of Testimony

## [If Applicable]

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from the charge of Judge Pierre
> N. Leval in United States v. Mucciante,
> 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and
> from Sand et al., Modern Federal Jury
> Instructions, Instr. 5-6 & 5-7.

## REQUEST NO. 29

## Persons Not on Trial or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that certain persons other than the defendants were not named as defendants in the Superseding Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants.

> Adapted from Judge Werker's charge in
> United States v. Barnes et al., S 77 Cr.
> 190 (Nov. 29, 1977), aff'd, 604 F.2d 121
> (2d Cir. 1979), cert. denied, 446 U.S.
> 907 (1980).
> Adapted from Judge Pollack's charge in
> United States v. Bynum, 71 Cr. 1169
> (S.D.N.Y. 1971), and from Sand, et al.,
> Modern Jury Instructions, Instr. 3-4.

62

Adapted from the charge of Judge Leisure
in <u>United States</u> v. <u>Parra</u> <u>and</u> <u>Ortega</u>, S1
02 Cr. 348 (PKL) (S.D.N.Y. 2004).

## REQUEST NO. 30

## Defendant's Right Not to Testify

### [If Requested by Defense]

The defendant(s) [CARLOS MEJIA and/or JOEL RODRIGUEZ,] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant(s) [CARLOS MEJIA and/or JOEL RODRIGUEZ] did not testify.  No adverse inference against the defendant(s) may be drawn by you because the defendant(s) did not take the witness stand.  You may not consider this against the defendants in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

64

## REQUEST NO. 31

## Defendant's Testimony

## [Requested Only If a Defendant Testifies]

The defendant(s) [CARLOS MEJIA and JOEL RODRIGUEZ] testified at trial.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines,
457 F.3d 238 (2d Cir. 2006).

**REQUEST NO. 32**

**Character Testimony**

**[If Applicable]**

You have heard testimony that certain of the defendants [If applicable, "Specifically, [CARLOS MEJIA and/or JOEL RODRIGUEZ] has a good reputation for honesty and truthfulness in the community where he lives and works.  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendants.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendants is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendants merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. [If applicable: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or non-guilt of the defendants is

66

for you alone to determine, and should be based on all the
evidence you have heard in the case.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 5-15; and from the
> charge in United States v. Pujana-Mena, 949
> F.2d 24, 27-31 (2d Cir. 1991) (specifically
> approving charge)(defendants not entitled to
> a charge that character evidence "standing
> alone" is enough for acquittal).

**REQUEST NO. 33**

**Uncalled Witness -
Equally Available to Both Sides**

**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendants in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

68

## REQUEST NO. 34

## Limiting Instruction - Similar Act Evidence

## [If Applicable]

You will recall that some evidence introduced by the Government was received for a limited purpose.  Specifically, you heard testimony regarding the defendants [**Insert Summary of Relevant Testimony**].  The Government offered this evidence to demonstrate the defendants' identity, intent and knowledge, and to establish the absence of mistake or accident with regard to the offenses that are charged in the Superseding Indictment.  You may not consider this evidence as a substitute for proof that the defendants committed any of the crimes charged in the Superseding Indictment.  Nor may you consider this evidence as proof that the defendants has a criminal personality or bad character.  This evidence about the defendants [**Insert Summary of Relevant Testimony**] was admitted for a much more limited purpose and you may consider it only for that limited purpose.

Specifically, if you determine that the defendants committed any of the acts charged in the Superseding Indictment, then you may, but you need not, draw an inference from the evidence of the defendants [**Insert Summary of Relevant Testimony**] that the defendants acted knowingly and intentionally with respect to the specific charge, as charged in the Superseding

69

Indictment, and not because of some mistake, accident, or other innocent reasons.  The evidence of the defendants [**Insert Summary of Relevant Testimony**] may not be considered by you for any other purpose than what I have just explained to you.

> Adapted from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from 1 Sand, <u>Modern Federal Jury Instructions</u>, Instruction 5-25; <u>see also United States</u> v. <u>Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## REQUEST NO. 35

### Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized during searches of two vehicles.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt beyond a reasonable doubt of the defendants you are considering.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

71

## REQUEST NO. 36

## Charts and Summaries

## [If Applicable]

Some of the exhibits at this trial were charts and maps.  These charts and maps were introduced basically as summaries.  They are not direct evidence, really.  They are summaries of the evidence.  They are visual representations of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents.  They are admitted as aids to you.  They are not in and of themselves evidence.  They are intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts and maps than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts and maps fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

Ladies and gentlemen, it is up to you to determine whether these charts should be accepted or rejected on the basis of the underlying evidence and whether they have any value or significance whatsoever.

72

To the extent that the charts maps conform with what you determine the underlying evidence to be, you may accept them. But one way or the other, you should realize that charts are not in and of themselves direct evidence.  They are merely visual aids.

Adapted from the charge of the Honorable Kevin T. Duffy in United States v. Castellano, SSS 84 Cr. 63, aff'd in part and rev'd in part sub nom. United States v. Gaggi, 811 F.2d 47 (2d Cir.), cert. denied, 482 U.S. 929 (1987), Tr. at 7019-20, and from Sand, Instr. 74-12.

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to the charges of the Superseding Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are

74

judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

      If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

      In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

      Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

> Adapted from the charge of the
> Honorable Arnold Bauman in <u>United</u>
> <u>States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr.
> at 2502-03 (S.D.N.Y. 1973).  <u>See</u>
> <u>also</u> <u>United</u> <u>States</u> v. <u>Corr</u>, 75 Cr.
> 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>,
> 543 F.2d 1042 (2d Cir. 1976).

Dated:    New York, New York
        January 26, 2010

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney for the
> Southern District of New York
> Attorney for the United States
>   of America
>
> By:_____/s/_____
>    Amie N. Ely
>    Howard Master
>    Assistant United States Attorneys
>    Telephone: (212) 637-1029/2214