# GOLDBERG & KAPLAN, LLP

ATTORNEYS AT LAW
11 PARK PLACE, SUITE 903
New York, New York 10007

Telephone (212) 269-2363   Facsimile (212) 269-2364

June 18, 2010

By ECF
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

                Re: United States v. Joel Rodriguez
                    S1 09 Cr. 259 (DLC)

Dear Judge Cote:

    This letter is submitted in opposition to the Government's submission seeking a two-level increase in Joel Rodriguez's offense level for obstruction of justice under U.S.S.G. § 3C1.1. In it sentencing memorandum, the Government asserts that Rodriguez obstructed justice by asking a family friend, Rafael Gonzales, to falsely claim that he was the owner of the gold Pontiac in which Rodriguez was arrested in an effort to gain its return and later to lie at trial about its ownership and that he had previously employed Rodriguez. Under the circumstances of this case, the enhancement is not warranted.

    In order to enhance pursuant to U.S.S.G. § 3C1.1, "the court must find that the defendant's statements [or actions] unambiguously demonstrate an intent to obstruct." United States v. Kelly, 147 F.3d 172, 178 (2d Cir. 1998). Furthermore, the obstructive conduct must interfere or attempt to interfere with the criminal charges brought against the defendant. Thus, the enhancement only applies "if the court finds that the defendant willfully and materially impeded the search for justice in the instant matter." United States v. Zagari, 111 F.3d 307, 328 (2d Cir. 1997). For a defendant's conduct to qualify as obstruction of justice, it must have the "potential to impede" the investigation, prosecution, or sentencing of the defendant. See United States v. McKay, 183 F.3d 89, 95 (2d Cir. 1999).

    Rodriguez's request of his friend to lie about ownership of

HON. DENISE L. COTE
June 18, 2010
page two

the gold Pontiac and about his employment does not demonstrate obstructive intent with regard to any aspect of this prosecution. His reason for asking his friend to lie about vehicle was to avoid losing a second vehicle to forfeiture.  He was not seeking, nor could he expect to gain some strategic advantage with regard to the cocaine conspiracy.  Two cases cited by the government are instructive.  In United States v. Ayers, 416 F.3d 131 (2d Cir. 2005), the defendant directed another individual to destroy and dispose of a gun used in a homicide.  The court held "that conduct is clearly obstructive if the destroyed evidence was material to an official investigation or judicial proceeding involving the instant offense of conviction, i.e., possession of a firearm by a convicted felon."  United States v. Ayers, supra, at 133-134.

　　　　Similarly, in United States v. Lincenum, 220 F.3d 77(2d Cir. 2000) the defendant submitted a false affidavit with regard to a suppression hearing involving statements he made after his arrest for securities fraud.  The court found that the false statements, if credited, would have led to the suppression of evidence in that case, and thus an offense-level adjustment for attempted obstruction of justice was appropriate. United States v. Lincenum, supra, at 80.  Clearly, the defendant's actions in each instance could have impacted the prosecution.

　　　　In this case, establishing the true ownership of the Pontiac did not alter the fact that Rodriguez was operating it on the day of his arrest and, since documents linking him to it were found inside, that he had used it on other occasions.  Ownership was irrelevant. Similarly, whether he was employed by Gonzales had no bearing whatsoever with regard to the proof of his involvement in a narcotics trafficking conspiracy.  In sum, neither falsehood would have influenced the disposition of this case. Accordingly, it is submitted that a two-point enhancement within the meaning of the sentencing guidelines is not warranted.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BARRY GOLDBERG